18-2695-cv
*Sowe v. Pall Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand nineteen.

Present:
>   DENNIS JACOBS,
>   DEBRA ANN LIVINGSTON,
>   JOSEPH F. BIANCO,
>       *Circuit Judges*.

_____

AMADOU SOWE,

>       *Plaintiff-Appellant*,

>       v.                                                      18-2695-cv

PALL CORPORATION,

>       *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          EDWARD E. KOPKO, Edward E. Kopko, Lawyer, P.C., Ithaca, NY.

For Defendant-Appellee:          STACEY BENTLEY, Seyfarth Shaw LLP, New York, NY (Raymond C. Baldwin, Seyfarth Shaw LLP, Washington, DC, *on the brief*).

Appeal from a judgment of the United States District Court for the Northern District of

New York (Scullin, *J*.).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Amadou Sowe ("Sowe") appeals from an order of the United States District Court for the Northern District of New York, dated August 14, 2018, granting Defendant-Appellee Pall Corporation's ("Pall") motion for summary judgment and dismissing Sowe's discrimination claims as precluded by a separation agreement that he signed on January 29, 2016 ("Separation Agreement" or "Agreement"), and that purported to waive all claims in connection with his termination in consideration for a severance package that he received. *See* Order, No. 17-cv-449 (N.D.N.Y. Aug. 14, 2018), ECF No. 26. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

We review a district court's grant of summary judgment *de novo*. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact that preclude judgment for the defendant as a matter of law, we must resolve all ambiguities in favor of the nonmoving part[y]." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004). However, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

**The Waiver's Validity Under the OWBPA**

Under the Older Workers Benefit Protection Act ("OWBPA"), an individual cannot waive an Age Discrimination in Employment Act ("ADEA") claim "unless the waiver is knowing and voluntary." *See* 29 U.S.C. § 626(f)(1). In order to be deemed knowing and voluntary, a waiver

2

must, "at a minimum," fulfill a number of explicit requirements. *See id.* § 626(f)(1)(A)-(H). "The burden of proving that a claimed waiver was knowing and voluntary within the meaning of the OWBPA is on the party asserting the validity of the waiver." *Ridinger v. Dow Jones & Co.*, 651 F.3d 309, 314 (2d Cir. 2011) (internal quotation marks and brackets omitted). To the extent an employer must prove its waiver was "written in a manner calculated to be understood," *see, e.g.,* 29 U.S.C. § 626(f)(1)(A), it meets that burden "if the language of the waiver agreement is calculated to be understood by the *average* eligible employee," and "where the individual employee has not presented the district court with any evidence from which to infer that his own comprehension level was below that of the average eligible employee," *Ridinger*, 651 F.3d at 315 (emphasis added).

At the start, Sowe argues that the district court erred in dismissing his ADEA claim because the Separation Agreement, with its purported waiver of this claim, fails to comply with three of the OWBPA's requirements. First, he argues generally that the Agreement was not "written in a manner calculated to be understood by [him], or by the average individual eligible to participate." 29 U.S.C. § 626(f)(1)(A). However, that argument was not made in the district court and is raised for the first time here. While Sowe disputes this contention in his Reply Brief by pointing to a line from his deposition in which he says he found the Separation Agreement confusing, a review of Sowe's filings before the district court reveals that no argument regarding subsection (A) was made. Thus, we consider this claim waived and will not address it. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)).

3

Second, Sowe contends that he was not given the 45 days required by the OWBPA to consider the Separation Agreement. *See* 29 U.S.C. § 626(f)(1)(F)(ii). This claim, however, is not supported by the record. At the outset, the Agreement itself explicitly provides for its return "on or before **February 15, 2016**" in bold text on the first page—a date which gave Sowe *54* review days, even longer than the OWBPA requires. *See* App'x 24. Sowe alleges that he executed the Agreement and returned it in approximately 37 days because he believed that he had to deliver an executed copy to Pamela Denmark ("Denmark"), a manager in Pall's Human Resources Department, and Denmark's last day at Pall was January 29, 2016. Sowe bases this purported belief principally on a provision in the Separation Agreement that he return the signed Agreement to "Employer (Attn: Pamela Denmark, Human Resources Manager)." *See id.* at 24, 26. Although the Agreement suggests that it should be marked to the "Attention" of Denmark, however, it specifically provides that it should be returned to Sowe's "*Employer*," which the Separation Agreement defines as "PALL CORPORATION, a New York corporation with its principal offices at 25 Harbor Park Drive, Port Washington, New York 11050." *Id.* at 24 (emphasis added). It is undisputed, moreover, that "when, on January 19, 2016, Plaintiff asked Ms. Denmark in an email when the deadline for returning the agreement was, she responded, 'February 15, 2016'"—the very date specified in bold on the Agreement's first page. *Id.* at 59. And Sowe communicated as well with other Pall managers and Human Resources employees to whom the Agreement presumably could have been given after Denmark's departure. In sum, we agree with the district court that whatever Sowe's belief about the period provided for review, there is no evidence that Pall failed to afford him the review period required by § 626(f)(1)(F) of the OWBPA.

Lastly, Sowe claims that Pall failed to comply with § 626(f)(1)(H) of the OWBPA by inadequately identifying those considered and chosen for termination pursuant to Pall's reduction in force. *See* 29 U.S.C. § 626(f)(1)(H)(ii) (requiring that, if an employee is being terminated as part of a "program offered to a group or class of employees," the employee be given a writing that informs him of "the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program."). Sowe claims that a Reduction in Force Memo ("RIF Memo") provided to him by Pall at the same time he received the Separation Agreement included only "vague descriptions" of those considered for termination and was thus insufficient. This claim, however, is also belied by the record.

Sowe first contends that the RIF Memo describes the affected unit at Pall as simply "certain employees." The RIF Memo instead announces a reduction in force of Pall's Central Technology Organization division—informing its recipients that "[c]ertain employees of [this] division of the Pall Corporation . . . ha[d] been notified by the Company that their employment with the Company [would] terminate in connection with a reduction in force with respect to such division." App'x 29. There is no dispute as to the existence of a division called the "Central Technology Organization": Sowe himself agreed in his deposition that "CTO is one of many different business units at Pall." *Id.* at 79. Accordingly, we reject his claim that the affected organizational unit was inadequately described. *Cf. Ribble v. Kimberly-Clark Corp.*, No. 09-C-643, 2012 WL 589252, at *12 (E.D. Wis. Feb. 22, 2012) ("Assuming that the employer's identification of class, unit or group of employees from which the employees selected for separation were chosen reasonably describes an existing organizational unit within the company, the employer's designation should stand.").

5

Sowe next argues that the RIF Memo was confusing and failed to comply with subsection (H) of the OWBPA because it did not provide the geographical location of each of the members of the CTO division referenced in the memo. He relies primarily on a single district court case, *Pagliolo v. Guidant Corp.*, 483 F. Supp. 2d 847, 857-59 (D. Minn. 2007). In *Pagliolo*, the district court determined that "listing nearly all United States-based employees" was insufficient to satisfy § 626(f)(1)(H) in the circumstances of that case because such disclosure failed to describe the affected unit "in a manner calculated to be understood by the average individual eligible to participate in the Severance Plan." *Id.* at 858. But here, Pall's RIF Memo, which listed far fewer employees than the memo at issue in *Pagliolo*, clearly identified the affected unit as the CTO division. Moreover, when asked whether he recognized that the RIF Memo referenced employees from outside of the Cortland facility at which he worked, Sowe responded that he "knew that the employees were all over the place in the United States." App'x 119. We agree with the district court that subsection (H) does not by its terms require that a reduction in force memo provide geographical information as to those employees considered and selected for termination. Nor does the absence of such information here raise any material question of fact as to whether the RIF Memo was written in a manner "calculated to be understood," as required by the OWBPA. *See* 29 U.S.C. § 626(f)(1)(H).

**The Fraudulent Inducement Claim**

Finally, Sowe asserts that even if the Separation Agreement is not invalid under the OWBPA's minimum requirements, he was fraudulently induced to sign the Agreement and thus it cannot bar his claims. Sowe points to evidence that Pall posted a job following Sowe's termination as part of the reduction in force. But as the district court observed, Sowe does not claim that the job posted by Pall was *his exact job*; rather, it was merely a job he "could do." Both

6

parties agree that to succeed on a fraudulent inducement claim, Sowe must show that Pall misrepresented a material fact in order to induce his execution of the waiver. *See Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181 (2d Cir. 2007) ("In New York a plaintiff alleging fraud must show by clear and convincing evidence that the defendant knowingly or recklessly misrepresented a material fact, intending to induce the plaintiff's reliance, and that the plaintiff relied on the misrepresentation and suffered damages as a result."). However, Sowe does not identify any false representations made to him—regarding the company's future hiring plans or otherwise—that induced him to enter into the Separation Agreement. Indeed, as Pall points out in its brief to this Court, Sowe gave the following testimony at his deposition:

> Q: Can you identify *any* statement that someone at Pall made to you that was untrue, that was uttered in order to convince you to sign a separation agreement?
>
> A: No, I don't.

App'x 127-28 (emphasis added). Because Sowe effectively conceded that he cannot prove a material misrepresentation, which is an element of his fraudulent inducement claim, the district court correctly concluded that Sowe's claim for fraudulent inducement was properly dismissed.

We have considered Sowe's remaining arguments and find them to be without merit.[1] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] With regard to Sowe's claims under the New York Human Rights Law, we deem these claims abandoned, as Sowe failed to address them before either the district court or this Court. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").